RALPH FEDELE, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

Where the plaintiff, who was using a pathway to the railroad station, upon a dark morning, which pathway was in general use for the purpose, anticipating danger from an approaching train, stepped aside upon an adjoining grass plot, on which a pile of iron plates had been placed by the defendant, and stumbling thereon fell and was injured—*Held*, that the question whether the plaintiff occupied the pathway under an implied invitation, and whether his act in stepping aside under the circumstances, and failing to observe the plates was contributory negligence, as well as the initial question whether the act of the defendant in placing the plates so close to the path was negligence, were jury questions.

On appeal from the Supreme Court.

For the respondent, *Wescott & Weaver*.

For the appellant, *Gaskill & Gaskill*.

The opinion of the court was delivered by

MINTURN, J. The allegation predicating liability in the complaint was that while the plaintiff, in the darkness of early morning, was proceeding over the property of the defendant, which constituted a walk or pathway to its trains, he stumbled and fell over a pile of iron plates, negligently

placed on the property by the defendant, from which fall he suffered the injuries for which he seeks to recover damages.

The specific ground of defence was contributory negligence, and that plaintiff was a licensee and a trespasser upon the property. The testimony developed the facts that the plaintiff, who resided at New Berlin, about five-thirty o'clock in the morning of January 14th, 1916, walked along a gravel pathway, or open ditch, as it has been variously termed, which connected the public road with the railway station, and which had been generally in use by the traveling public as a mode of ingress and egress to and from trains. The road adjoins and parallels the tracks, and about five feet on the other side of the path the railroad company maintained a grass plot somewhat elevated above the pathway. About two feet from the edge of the grass plot the iron plates were piled, and the plaintiff, in order to avoid possible danger from the incoming train, which he purposed boarding as a passenger, stepped upon the grass plot, and, coming in contact with the pile of iron, fell and was injured, for which injuries a jury at the Circuit found a verdict in his favor.

There was no question made as to the use which the public, with the apparent recognition and consent of the defendant, made of the pathway. The insistence of the defendant, both upon its motions to nonsuit and to direct a verdict, was limited to a denial of the right of plaintiff to occupy the grass plot, and thereafter to vindicate his claim for injuries received thereon, upon the principle of implied invitation, which doctrine presents the fundamental test applicable for a recovery in such a situation under the adjudged cases. *Furey v. N. Y. C. & H. R. R., 67 N. J. L. 270; DeVoe v. N. Y., O. & W. R. R., 63 Id. 276; Dieckman v. D., L. & W. R. R., 81 Id. 460; Corson v. Atlantic City R. R., 83 Id. 517.*

In the latter case, the doctrine was admitted as applicable to a situation, where the plaintiff, *ex necessitate,* was compelled to use a pathway owing to the blocking of the general roadway by a train of cars.

The prior cases were determined upon the doctrine that mere knowledge by the railroad of the existence of a pathway

of convenience for general access to and from the railroad station, without tacit or implied recognition of the use, will not impose liability.

The rationale which presents the differentiating factor dispositive of the cases is as declared by Mr. Justice Garrison in the Furey case: "Mere knowledge of a use," it is there declared, is not sufficient. "To this knowledge must be super-added recognition as implying a co-ordinate obligation." But it is not perceived how the application of this general doctrine, *ipso facto,* can determine or defeat the defendant's liability, in the present situation. No claim is made that the grass plot was more than a way of necessity presented to the plaintiff, as a means of escaping the possible dangers in- cident to the approaching train.

There is nothing in the case to evince that he occupied the grass plot as a means of convenient approach to the station, or for any purpose other than as a zone of safety where as a reasonably prudent man exercising a commendable foresight for the purpose of avoiding fancied harm, he sought refuge.

In the Corson case such a way of necessity was recognized as affording a basis for liability, doubtless upon a principle somewhat akin to the privilege of a right of way conceded by the common law to the public over adjoining land, where the public road by *vis major* or like cause has been made im-passable. 3 *Kents Com.* 424.

The learned trial court properly left to the jury the de-termination of the question whether the pathway in question was one used by the public with the recognition of the de-fendant; and whether the plaintiff was upon it by the de-fendant's invitation; and also whether the plaintiff was neg-ligent in going upon the grass plot, without observing the iron plates upon it; and, finally, whether the placing by the defendant of the iron plates so near to the pathway was under the circumstances a negligent act. We think these instruc-tions presented the law applicable to the case. The mere oc-cupation of the grass plot by the plaintiff, pending the pass-ing of the train, cannot be declared negligent *per se.* The term "negligence" is entirely relative in its practical applica-

tion, and is dependent upon the facts and circumstances of the particular case, tested by the standard criterion of the conduct of the ordinary prudent man placed in a hazardous environment. *Napodensky* v. *West Jersey and Seashore Railroad,* 85 *N. J. L.* 336.

We think, therefore, the motion to nonsuit and the motion to direct a verdict were properly refused. The exceptions entered to the charge of the learned trial court, as well as the request to charge were based upon the defendant's conception of the application of the doctrine of implied invitation, to which we have alluded, and which, as we have intimated, was correctly dealt with by the trial court.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, JJ. 10.

*For reversal*—WILLIAMS, TAYLOR, GARDNER, JJ. 3.